Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5438 | **DATE** | 8/24/2011 |
| **CASE TITLE** | Akinkunmi vs. Walmart Store #2816 | | |

**DOCKET ENTRY TEXT**

Presently before us is Plaintiff Akintunde Akinkunmi's application to proceed *in forma pauperis* (4) with his complaint against Defendant Walmart Store # 2816. (Dkt. Nos. 1 & 4.) We deny Plaintiff's motion, (4) because his complaint fails to state a claim upon which relief can be granted. We deny Plaintiff's motion without prejudice, however. In the event Plaintiff decides to replead his complaint and refile his *in forma pauperis* application, we urge him to fill out any and all necessary forms thoroughly, carefully, and legibly. It is so ordered. Plaintiff's motion for appointment of counsel (5) is denied at this time.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is Plaintiff Akintunde Akinkunmi's application to proceed *in forma pauperis* with his complaint against Defendant Walmart Store # 2816. (Dkt. Nos. 1 & 4.) We deny Plaintiff's motion, because his complaint fails to state a claim upon which relief can be granted.

Ordinarily in evaluating an *in forma pauperis* application, we determine whether the plaintiff is indigent and then evaluate the sufficiency of the complaint. 28 U.S.C. § 1915(a)(1), (e)(2)(B)(i)-(iii). In this case, however, we will begin with the second half of this inquiry. Plaintiff's complaint is a form labeled "Complaint for Violation of Constitutional Rights" that cites to 42 U.S.C. §§ 1983, 1985 & 1986. The complaint contains no factual allegations, however. All we can discern is that Plaintiff is attempting to sue Walmart Store # 2816, where, as we understand from his *in forma pauperis* application, he was at some point employed. (Dkt. No. 1 at 1; Dkt. No. 4 at 1.) But absent some allegation that Walmart Store # 2816 or some representative thereof was acting under color of law, Plaintiff has failed to allege the state action that is essential to § 1983 claims. *See* 42 U.S.C. § 1983 (providing cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" violates rights "secured by the Constitution and laws" of the United States); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 162, 90 S.Ct. 1598, 1612 (1970) ("[T]he legislative history of [42 U.S.C. § 1983] . . . indicates that the provision in question here was intended to encompass only conduct supported by state action.") Because Defendant cannot be liable for the types of claims Plaintiff purports to bring, Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii). We therefore deny Plaintiff's motion to proceed *in forma pauperis*.

We deny Plaintiff's motion without prejudice, however. In the event Plaintiff decides to replead his complaint and refile his *in forma pauperis* application, we urge him to fill out any and all necessary forms thoroughly, carefully, and legibly. Several responses on his *in forma pauperis* application require further elaboration, such as the beginning *and* end date of his employment, as well as the amount and frequency of any

| STATEMENT |
|---|
| public assistance payments he receives.  (Dkt. No. 4 at questions 2b and 4d.)  It is so ordered. |